1  Jason A. Geller (CA SBN 168149)
   jgeller@fisherphillips.com
2  Juan C. Araneda (CA SBN 213041)
   jaraneda@fisherphillips.com
3  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
4  San Francisco, CA 94111
   Telephone: (415) 490-9000
5  Facsimile: (415) 490-9001

6  Attorneys for Defendant
   WALMART INC.
7

8

9

10                 UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12                    FRESNO COURTHOUSE

13

| | |
|---|---|
| 14 TISHIA ATWOOD, | Case No.: |
| 15                        Plaintiff, | [*Removed from Merced County Superior Court, Case No. 20CV-01603*] |
| 16        vs. | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)** |
| 17 WALMART STORES, INCS. AND DOES 1-20, inclusive, | |
| 18 | |
| 19                        Defendants. | Complaint Filed: May 28, 2020 Trial Date: None |
| 20 | |

21

22

23                     **NOTICE OF REMOVAL**

24        Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant WALMART INC.,[1]

25 by and through their attorneys of record, hereby remove the above-entitled action from the

26 Superior Court of the State of California in and for the County of Merced, to the United States

27 District Court for the Eastern District of California, on the following grounds:

28 _____
[1] Wal-Mart Stores, Inc., changed its name to Walmart Inc., effective February 1, 2018.

                                    1
                          NOTICE OF REMOVAL

FP 38053884.1

### BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP

1.      On May 28, 2020, Plaintiff Tishia Atwood filed a Complaint in the Superior Court of the State of California in and for the County of Merced styled *Tishia Atwood v. Walmart Stores, Inc., et al.,* Case No. 20CV-01603.

2.      Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

3.      Pursuant to 28 U.S.C. section 1332, the United States District Court for the Eastern District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in Merced County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 120(d).

4.      A copy of Plaintiff's Complaint, filed by her in the Superior Court of the State of California, County of Merced, along with a copy of the Summons and all other materials served upon Defendant by Plaintiff, are attached hereto as Exhibit 1.  Exhibit 1 constitutes all process, pleadings, and orders known by Defendant to exist in this action.  A copy of the Answer to the Complaint filed by Defendant on July 6, 2020, is attached hereto as Exhibit 2.  Defendant is informed and believes that the documents provided in Exhibits 1 and 2 hereto constitute the operative pleadings in the state court case file in this matter.

5.      Defendant Wal-Mart Stores, Inc., changed its name to Walmart Inc., effective February 1, 2018.  (Declaration of Juan C. Araneda ("Araneda Decl."), ¶2, Exh. A.)  Walmart Inc., is a Delaware corporation, with its principal place of business in Arkansas. (Araneda Decl., ¶3, Exh. B; Complaint.) Walmart Inc. maintains its executive office in Arkansas, and the management of Walmart Inc.'s operations and finances is performed in Arkansas. (*Id.*)

6.      The defendants designated Does 1 through 20 in Plaintiff's Complaint are fictitious defendants and have not been served to Defendant's knowledge. (*See* Complaint, ¶4.) Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988).    Additionally, the citizenship of fictitious defendants is

1    disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

2        7.    Plaintiff is a citizen of California. (Complaint, ¶1.)  Accordingly, this action is

3    between citizens of different states, specifically California and Arkansas. This complete

4    diversity of citizenship existed at the time Plaintiff filed her Complaint and it exists at the time

5    of this removal.

6        8.    As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30)

7    days after Defendant was served with the Summons and Complaint. Specifically, on June 9,

8    2020, Plaintiff served her Complaint upon Defendant's agent for service of process (CT

9    Corporation) in California. (Araneda Decl., ¶4, Exh. C.)

10                        **AMOUNT IN CONTROVERSY**

11        9.    Plaintiff alleges claims for damages that exceed $75,000. As discussed further

12    below, Plaintiff's Complaint seeks unspecified amounts of compensatory damages for lost wages,

13    benefits, salary increases and income, both past and future. (Complaint, ¶¶54, 66, 70, 76, 88, and

14    Prayer for Relief.)  Plaintiff also seeks unspecified amounts of general damages for alleged

15    emotional distress damages. (Complaint, ¶¶57, 66, 70, 76, 88, and Prayer for Relief.)

16        10.    In cases where the state court Complaint is silent or unclear as to the amount of

17    damages sought by the plaintiff, a defendant must establish that the amount in controversy

18    exceeds $75,000. *Singer v. State Farm Mut. Auto. Ins. Co.,* 116 F.3d 373, 376 (9th Cir. 1997);

19    *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992). The "amount in controversy"

20    requirement is satisfied by setting forth, in the removal petition, underlying facts supporting

21    defendant's assertion that the amount in controversy exceeds $75,000. *Richmond v. Allstate Ins.*

22    *Co.,* 897 F. Supp. 447, 450 (S.D. Cal. 1995).

23        11.    In determining the amount in controversy for purposes of assessing the propriety

24    of a removal, a Court must assume that the allegations in the Complaint are true and must assume

25    that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *See, White v.*

26    *FCI USA, Inc.,* 319 F.3d 672, 674-76 (5th Cir. 2003). As set forth below, even a low estimate of

27    what Plaintiff could recover if the jury ruled for her on all of her claims in the Complaint would

28    unavoidably result in an overall recovery that would exceed $75,000.

12.   Among the damages sought in Plaintiff's Complaint are damages for claims under the California Fair Employment and Housing Act ("FEHA") (i.e., disability discrimination, harassment, failure to provide reasonable accommodation, and retaliation), as well as claims wrongful termination in violation of public policy and intentional infliction of emotional distress. If Plaintiff is successful on these claims, Plaintiff will be entitled to recover lost past and future earnings and related employee benefits. *See, Commodore Home Systems, Inc. v. Superior Court*, 21 Cal.3d 211, 221 (1982); *Parker v. Twentieth Century-Fox Film Corp.*, 3 Cal.3d 176, 181 (1970).

13.   As noted, among the damages sought in Plaintiff's Complaint are claims for loss of wages and related employee benefits.  Even if Plaintiff's rate of pay is assumed to be the minimum wage rate in California of 13.00 per hour, this amount translates to $27,040 per year ($13.00 per hour x 40 hours per week x 52 weeks per year).  Plaintiff alleges that she was constructively discharged on or about June 21, 2018. (Complaint, ¶¶2, 85.) Thus, a very conservative estimate of Plaintiff's alleged backpay wage loss alone, not taking into account lost benefits, at the time of removal is $55,120 ($13.00 per hour x 40 hours per week x 106 weeks since termination). Of course, this amount would increase through the time of trial.

14.   Emotional distress damages are also considered in determining the amount in controversy.  *See Kroske v. U.S. Bank Corp.* 432 F.3d 976, 980 (9th Cir. 2015).  Assuming, as one must, that a jury found Defendant to have discriminated against Plaintiff on the basis of her alleged disability then a six figure award of emotional distress damages seems unavoidable. Experience and common sense dictate that even the most conservative jury, could not possibly find for Plaintiff on all of those claims and yet fail to award her at least $25,000 in emotional distress damages.  As the Ninth Circuit in *Kroske* reasoned, emotional distress damages "would add at least an additional $25,000" to a plaintiff's claim.  *Kroske*, at 980.

15.   Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity.  *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) (claims for statutory attorneys' fees to be included in the

amount in controversy, regardless of whether such an award is discretionary or mandatory).  If Plaintiff prevails on her causes of action under the FEHA, then the law is clear that she will be awarded her reasonable attorneys' fees. Even if Plaintiff's counsel is extremely efficient, it would defy belief that her attorneys would incur less than $40,000 if they litigated this case through pleadings, discovery, motions, pre-trial and trial. Indeed, in *Ponce v. Med. Eyeglass Ctr., Inc.*, No. 215CV04035CASJEMX, 2015 WL 4554336, at *3 (C.D. Cal. July 27, 2015), for example, the court recognized that rates for attorneys may range between $425.00 to $725.00 per hour and that estimates of the number of hours expended through trial for employment cases have ranged from 100 to 300 hours.  Assuming a conservative rate of only $400.00, even if only 100 hours are spent on a case, attorneys' fees alone would total approximately $40,000.  *Id.*

16.    With respect to Plaintiff's request for punitive damages, federal courts have noted that most punitive damage verdicts against larger corporations are substantial. *Richmond, supra,* 897 F. Supp. at 450-51; *see also Aucina v. Amoco Oil Co.* 871 F.Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture the defendant's attention and to deter others from similar conduct and, thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum).  When one assumes, as is mandated in this analysis, that Plaintiff will prevail on all of her causes of action, and that the jury would award her punitive damages, it is hard to imagine that punitive damages would be less than $75,000.

17.    Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## **<u>VENUE</u>**

18.    This action is now pending in Superior Court of the State of California, County of Merced, and thus may be properly removed to the United States District Court for the Eastern District of California, sitting in Fresno, pursuant to 28 U.S.C. section 1441(a). *See also* L.R. 120(d).

19.    Promptly after filing of this Notice of Removal, Defendant will file in the Superior Court of the State of California, County of Merced, its Notice of Filing of Notice of Removal,

1  with a copy of this Notice of Removal attached thereto. A copy of Defendant's Notice of Filing

2  of Notice of Removal is attached hereto as <u>Exhibit 3</u>. Further, Defendant has served upon Plaintiff

3  a copy of this Notice of Removal and will promptly serve upon Plaintiff a copy of Defendant's

4  Notice of Filing of Notice of Removal.

5  **INTRA-DISTRICT ASSIGNMENT**

6        20.     Pursuant to 28 U.S.C. section 1391(a)(2), venue is proper in the United States

7  District Court for the Eastern District of California, sitting in Fresno, because a substantial part

8  of the alleged events giving rise to the claims in this lawsuit occurred in the County of Merced,

9  and this is an action arising in Merced County. *See* L.R. 120(d).

10        21.     This Notice of Removal of Action is executed pursuant to Rule 11 of the Federal

11  Rules of Civil Procedure.

12

13  DATED: July 7, 2020                FISHER & PHILLIPS LLP

14

15                        By: <u>*/s/ Juan C. Araneda*</u>

16                           Jason A. Geller

17                           Juan C. Araneda
                         Attorneys for Defendant

18                           WALMART INC.

19

20

21

22

23

24

25

26

27

28

6
NOTICE OF REMOVAL

# EXHIBIT 1

This e-copy is the official court record (GC68150)

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
WALMART STORES INC. AND DOES 1-20, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

TISHIA ATWOOD

ELECTRONICALLY FILED
Merced Superior Court
5/28/2020 12:13 PM
Amanda Toste
Clerk of the Superior Court
By: Kristifer Hew, Deputy

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

. You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
SUPERIOR COURT OF CA, COUNTY OF MERCED
627 W. 21ST STREET, MERCED, CA 95340

CASE NUMBER: *(Número del Caso):*
20CV-01603

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
FLETCHER B. BROWN, ESQ. 2831 TELEGRAPH AVENUE. OAKLAND, CA 94609

DATE:
*(Fecha)* 05/28/2020    Amanda Toste    Clerk, by _____, Deputy
                                        *(Secretario)*        *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons. (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* WALMART STORES, INC

under: ☒ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
       ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
       ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
       ☐ other *(specify):*
4. ☐ by personal delivery on *(date)*

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Page 1 of 1

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]  [ Save this form ]      [ Clear this form ]

This e-copy is the official court record (GC68150)

ELECTRONICALLY FILED
Merced Superior Court
5/28/2020 12:13 PM
Amanda Toste
Clerk of the Superior Court
By: Kristifer Hew, Deputy

1  Fletcher B. Brown, Esq (State Bar No. 276390)
2  Fletcher B. Brown Law Firm
   2831 Telegraph Ave.
3  Oakland, California 94609
   Tel: 510-299-1333.
4
5  Attorney for Plaintiff
   Tishia Atwood
6
7
8
9              SUPERIOR COURT OF THE STATE OF CALIFORNIA
10                          COUNTY OF MERCED
11                       UNLIMITED JURISDICTION
12
13  TISHIA ATWOOD                        )   Case No.:  20CV-01603
14              Plaintiff,               )
                                         )   COMPLAINT FOR:
15       vs.                             )
                                         )   1.  DISCRIMINATION BECAUSE OF
16  WALMART STORES, INCS. and DOES 1-    )       DISABILITY
17  20, inclusive,                       )   2.  HARASSMENT BECAUSE OF
                                         )       DISABILITY
18              Defendants.              )   3.  FAILURE TO PROVIDE REASONABLE
19                                       )       ACCOMMODATION
                                         )   4.  RETALIATION FOR REQUESTING
20                                       )       REASONABLE ACCOMMODATION
                                         )   5.  CONSTRUCTIVE DISCHARGE
21                                       )
22                                       )   [JURY TRIAL DEMANDED]
                                         )
23                                       )
                                         )
24                                       )
                                         )
25                                       )
26
27
28

                        Complaint for Damages 1

This e-copy is the official court record (GC68150)

Tishia Atwood (hereinafter, "Plaintiff") was an employee of Walmart Stores, Inc. (hereinafter, "Defendant") and was constructively discharged. The real reason was because of disability discrimination, harassment because of disability, requesting for reasonable accommodation and retaliation for requesting reasonable accommodation. Specifically, Plaintiff has the following causes of action against Defendant: 1.) Discrimination Because of Disability, 2.) Harassment Because of Disability, 3.) Failure to Provide Reasonable Accommodation, 4.) Retaliation for Requesting Reasonable Accommodation, 5.) Constructive Discharge. Plaintiff hereby demands a Jury Trial, complains, and alleges the following:

## PARTIES

1. Plaintiff is an individual that lived and worked in California throughout the events detailed in this complaint.

2. Walmart Stores. Inc. (hereinafter as "Defendant") is located at 3055 Loughborough Drive in Merced, California 95348.

3. Defendant has done business in the County of Merced.

4. The true names and capacities of defendants named as DOES 1 through 20 are unknown and are therefore sued by fictitious names. Plaintiff will amend this complaint to show the true names and capacities when they are ascertained.

## GENERAL FACTS

5. On July 12th, 2004, Plaintiff was hired by Defendant as a full-time cashier in the Reno, Nevada location.

6. In 2013 or 2014, Plaintiff became a support manager in Defendant's Merced, California location.

7. At all times during her employment, Plaintiff's performance was satisfactory.

8. Plaintiff's direct manager was Trina Jacobs (hereinafter "Ms. Jacobs"), assistant manager. The store manager was Johanna Sanzaloss (hereinafter "Ms. Sanzaloss").

9. For each shift, Ms. Jacobs would force Plaintiff to complete extra tasks that did not fall under her position's duties.

Complaint for Damages 2

This e-copy is the official court record (GC68150)

10. For example, Plaintiff was forced to overwork one to two hours each day or else she was reprimanded if tasks were not completed by 7:00 AM before Ms. Sanzaloss started.

11. For the first time since her fourteen years of employment, Plaintiff started to feel anxious and nervous as she felt worried about not accomplishing her tasks and for facing punishment by Ms. Jacobs.

12. Plaintiff reported and expressed her concerns with her superiors which included Ms. Jacobs, Ms. Sanzaloss, Raul Doe (hereinafter "Mr. Raul") and Lee Doe (hereinafter "Mr. Lee").

13. For example, Plaintiff requested to be reasonably accommodated according to her work capacity and assistance from other staff. Plaintiff's concerns and requests were ignored.

14. For example, Ms. Jacobs would respond to Plaintiff, "you have to handle it."

15. For example, Ms. Sanzaloss told Plaintiff that the problem was the Plaintiff, herself. She said, "You should have been fired... maybe you need smaller job duties."

16. Due to Defendant's treatment and behavior toward s Plaintiff, her anxiety worsened.

17. In or around December 2016, Plaintiff visited a doctor at Golden Valley Medical and reported the incidents at work. The doctor suggested for her to be seen by a psychiatrist. Due to Plaintiff's condition, the doctor put her off work.

18. Plaintiff suffered a work-related injury to her nervous system (anxiety) and became disabled as defined by the California Fair Employment and Housing Act ("FEHA") Government Code Section 12940(a). Among other major life activities, Plaintiff became substantially limited in her ability to engage in communication, concentrating and engaging in professional and social activities.

19. Plaintiff had a Leave of Absence for anxiety that lasted seven months while treating with psychiatrist, Dr. Misty Grinwich (hereinafter "Dr. Grinwich").

20. In or around mid-June, 2017, Dr, Grinwich released Plaintiff back to work.

21. Plaintiff returned to work and was placed to work as a cashier. Plaintiff continued to suffer from anxiety as she felt the atmosphere in relation to the staff worsened because of her disability and previous complaints.

Complaint for Damages 3

This e-copy is the official court record (GC68150)

22. In or around August 2017, Plaintiff applied for a new job position and started working as a customer assistance program associate.

23. Plaintiff's new supervisor was Carla Olea (hereinafter "Ms. Olea"). From first day of working together, Ms. Olea was extremely rude and made Plaintiff feel targeted.

24. On information and belief, Plaintiff believes that she was singled out because of her disability.

25. For example, Ms. Olea would tell Plaintiff to take rolling racks to non-designated areas that were not safe. When Plaintiff would complete the job the correct way, Ms. Olea would yell at her for not abiding her orders regardless of the safety hazard it presented.

26. Ms. Olea started to falsely accuse and confront Plaintiff for things that didn't relate to Plaintiff or tasks.

27. For example, while Plaintiff was working on a ladder, Ms. Olea came over and yelled, "What the hell are you doing? You have a bunch of overstocks on her cart." Plaintiff was startled and explained that it wasn't her cart. Ms. Olea was furious and walked away. Plaintiff feared for her wellbeing especially being on a ladder as she could have fell.

28. On March 29th, 2018, after Plaintiff had been working for three and a half hours and started to feel dizzy and nauseous. She almost fainted as her body sweated and shook.

29. On March 29th, 2018, Plaintiff suffered a work-related injury as she had an heat stroke and became physically disabled as defined by the California Fair Employment and Housing Act ("FEHA") Government Code Section 12940(a).

30. Plaintiff was sorting through 300 to 400 break packs in a confined area with high temperatures. Defendant had stopped supplying her with water and no fans were provided.

31. Crystal Harris (hereinafter "Ms. Harris"), Plaintiff's coworker, noticed that Plaintiff did not look well and pointed out that she could be having a heat stroke.

32. Plaintiff asked her supervisor Ms. Olea for a fan. She responded "go get one" and brushed off Plaintiff's condition. She then told Ms. Harris to go back to the line and stop helping Plaintiff.

Complaint for Damages 4

This e-copy is the official court record (GC68150)

33. Plaintiff then proceeded to go find a fan and the moment Plaintiff left her area, Ms. Olea yelled her to get back and finish her duties. Ms. Olea was rude and looked visibly upset at Plaintiff because of her disability and request for reasonable accommodation.

34. Plaintiff remained in her area to avoid further problems and aggravation of her anxiety.

35. On March 30th, 2018, Plaintiff called Defendant to notify that she wasn't going to be able to come to work due to her throwing up and not feeling well due to the high temperature.

36. The next day Plaintiff filed an incident report with Melinda Doe (hereinafter "Ms. Melinda" from the HR department.

37. Plaintiff did not feel well and was stressed and anxious by the way Ms. Olea was treating her because of her disability and request for reasonable accommodation.

38. On information and belief, Plaintiff believes that the ongoing mistreatment from Defendant intensified in hopes of her quitting.

39. Even after the incident report, Ms. Olea continued to harass Plaintiff every day and overcriticized her work because of her disability and request for reasonable accommodation.

40. For example, Ms. Olea would target Plaintiff and tell her to move faster in an abusive tone.

41. For example, Ms. Olea would question Plaintiff's every move especially if she left her area to use the restroom. She would have an attitude and would yell, "where are you going?"

42. For example, Ms. Olea started to give Plaintiff extra duties that were more demanding and relieved her of Plaintiff's favorite, enjoyable duties.

43. Plaintiff reported the treatment and hostility to Mr. Raul, Deidra Doe, Mark Doe and Larry Doe (district manager), whom are all managers. Plaintiff received a common response that they would see what they can do but nothing was addressed. Instead the tension increased and Ms. Olea's discrimination and harassment towards Plaintiff worsened.

This e-copy is the official court record (GC68150)

44. Ms. Olea started to retaliate against Plaintiff for her report to HR and the other managers because of her disability and for requesting reasonable accommodation.

45. Plaintiff made a complaint with Defendant's Ethics Department which led to her conversation with Mr. Larry. Nothing was addressed nor resolved and problems just worsened.

46. Ms. Olea started assigning workload that violated Defendant's policy as it was supposed to be a three-person job. Plaintiff was forced to do the tasks on her own because of her disability whereas her coworkers got to work in teams with full assistance.

47. Plaintiff started to feel anxious and depressed. Her symptoms were worse than the ones she experienced before her Leave of Absence which now included sleeping issues. Plaintiff started to "hate life."

48. Plaintiff believes that the Defendant wanted her out because of her disability and requests for reasonable accommodation.

49. On June 21st, 2018, Defendant wanted Plaintiff to unload a truck and cover the sales floor. Plaintiff knew that this would be an impossible task with the understaffed amount of bodies available to help.

50. Plaintiff felt very anxious and just accepted the fact that Defendant was not going to change nor address the hostility, discrimination, harassment and retaliation against her. Therefore, Plaintiff had no other choice but to quit. Plaintiff walked into the office and dropped off her vest, her badge and her blade.

51. Defendant was aware of the unlawfully work environment and did nothing to improve it. Defendant ignored Plaintiff's multiple claims and but still caused her to develop severe anxiety and depression.

52. On June 21st, 2018, Defendant constructively discharged Plaintiff without good cause, knowing it lacked good cause and for stated reasons that were pre-textual. The real reason for Plaintiff's termination was of disability discrimination, harassment and retaliation for requesting for reasonable accommodation.

This e-copy is the official court record (GC68150)

53. Plaintiff requested and received a Right to Sue Letter from the Department of Fair Housing and Employment on May 28th, 2019.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BECAUSE OF DISABILITY

As a first, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

54. Plaintiff hereby incorporates by reference Paragraphs 5 through 53, and each of them discriminated against Plaintiff because of her disability, in violation of the California Fair Employment and Housing Act.

55. Plaintiff timely filed an administrative complaint for these Defendant's constructive discharge of Plaintiff because of her disability. The California Department of Fair Employment and Housing issued Plaintiff a right to sue letter within one year before filing of this lawsuit.

56. As a legal result of these Defendant's constructive discharge of Plaintiff because of her disability, Plaintiff suffered and continues to suffer substantial losses in earnings and other employee benefits. Plaintiff will seek leave to amend this complaint to state the amount or will proceed according to proof at trial.

57. Plaintiff suffered emotional distress as a legal result of these Defendant's discrimination and discharge because of her disability, suffering and continuing to suffer mental distress, suffering and continuing to suffer anguish as a legal result of Defendant's conduct, reacting with humiliation, embarrassment, anger, outrage, disappointment, and worry; all of which is substantial and enduring. Plaintiff will seek leave to amend this complaint to state the amount of these damages or will proceed according to proof at trial.

58. Defendants and Does 1 through 20, and each of them, acted oppressively, fraudulently, and maliciously, in willful and conscious disregard of the rights of Plaintiff, and with the

Complaint for Damages 7

This e-copy is the official court record (GC68150)

intention of causing or in reckless disregard to the probability of causing her injury and emotional distress.

59. These Defendants were informed of the oppressive, fraudulent, and malicious conduct of their employees, agents and subordinates, and ratified, approved, and authorized that conduct.

60. The foregoing conduct of these Defendants, and each of them, was intentional, willful, and malicious and Plaintiff is entitled to punitive damages in an amount to conform to proof.

## SECOND CAUSE OF ACTION
## HARASSMENT BECAUSE OF DISABILITY

As a second, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

61. Plaintiff herby incorporates by reference the factual allegations contained in Paragraphs 5 through 60 of this pleading as though set forth here in full.

62. Plaintiff was subject to retaliation, harassment and discrimination causing a hostile or abusive work environment. Plaintiff further alleges as follows: that Plaintiff was an employee of the Defendants; that Plaintiff was subjected to unwanted harassing conduct because of disability; that the harassing conduct was sever or pervasive; that any reasonable person in the Plaintiff's circumstances would have considered the work environment to be hostile or abusive; that supervisors and their agents engaged in the conduct and/or that Defendants knew or should have known of the conduct and failed to take immediate and appropriate correcting action; that Plaintiff was harmed; and that Defendants' conduct was a substantial factor in causing Plaintiff's harm.

This e-copy is the official court record (GC68150)

63. Defendant's acts constitute a violation of California Fair Employment and Housing Act, Government Code Section 12940(a) which provides, among other things, that it shall be unlawful to discriminate against an employee in the terms and conditions of her employment on account of disability.

64. Plaintiff is a disabled person and is therefore a person protected by the provisions of said act.

65. Plaintiff believes that Defendant unjustifiably discriminated and harassed Plaintiff based upon her disability.

66. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, Plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by Plaintiff, all to their damage and detriment, in a sum according to proof at trial.

67. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## THIRD CAUSE OF ACTION

## FAILURE TO PROVIDE REASONABLE ACCOMMODATION

As a third, separate and distinct cause of action, Plaintiff complains against Defendants and Does

This e-copy is the official court record (GC68150)

1 through 20, and each of them, and for a cause of action alleges:

68. Plaintiff hereby incorporates by reference Paragraphs 5 through 67, inclusive, as though set forth here in full.

69. Defendants and Does 1 through 20 failed to reasonably accommodate Plaintiff for her injury, in violation of the California Fair Employment and Housing Act, Government Code Section 12490(m)(1).

70. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

71. Defendant and Does 1 through 20 acted oppressively, fraudulently, and maliciously, in willful and conscious or disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard of the probability of causing her injury and emotional distress.

72. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## FOURTH CAUSE OF ACTION

This e-copy is the official court record (GC68150)

## RETALIATION FOR REQUESTING REASONABLE ACCOMMODATION

As a fourth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

73. Plaintiff hereby incorporates by reference Paragraphs 5 through 72, inclusive, as though set forth here in full.

74. Defendant and Does 1 through 20 retaliated against Plaintiff because of her requesting reasonable accommodation, in violation of the California Fair Employment and Housing Act.

75. Defendant failed to accommodate Plaintiff during her shifts.

76. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

77. Defendant and Does 1 through 20 acted oppressively, fraudulently, and maliciously, in willful and conscious or disregard of the rights of Plaintiff, and with the intention of causing or in reckless disregard of the probability of causing her injury and emotional distress.

78. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by

This e-copy is the official court record (GC68150)

statute.

# FIFTH CAUSE OF ACTION

## CONSTRUCTIVE DISCHARGE

As a fifth, separate and distinct cause of action, Plaintiff complains against Defendants and Does 1 through 20, and each of them, and for a cause of action alleges:

79. Plaintiff herby incorporates by reference the factual allegations contained in Paragraphs 5 through 76 of this pleading as though set forth here in full.

80. Plaintiff was employed by Defendant.

81. Plaintiff was subjected to working conditions that violated public policy, specifically California Labor Code Section 6400. Under this provision, Defendant had a duty to provide a safe and healthful workplace for Plaintiff.

82. Plaintiff was subjected to working conditions that violated public policy, in that, Plaintiff was subject to harassment, retaliation and discrimination.

83. Defendant intentionally creates or knowingly permitted these work conditions.

84. That these working conditions were so intolerable that a reasonable person in Plaintiff's position would have had no reasonable alternative except to resign.

85. Defendant constructively discharged Plaintiff without good cause, knowing it lacked good cause and for stated reasons that were pre-textual on June 21st, 2018.

86. Plaintiff was harmed.

87. The working conditions were substantial factor in causing Plaintiff's harm.

88. As a direct, proximate and legal result of Defendants' unlawful employment practices as alleged above, plaintiff has suffered and continues to suffer economic and non-economic

This e-copy is the official court record (GC68150)

damages to an extent and amount according to proof at the time of trial. Economic damages shall include, but are not limited to, and all claims for lost wages, benefits, salary increases and income, both past and future. Non-economic damages shall include but are not limited to the fear, humiliation, emotional distress, and mental, or emotional or physical pain and anguish that has been and/or will foreseeably be experienced by plaintiff, all to their damage and detriment, in a sum according to proof at trial.

89. Plaintiff is entitled to any and all compensatory, emotional distress and punitive damages recoverable under California law, as well as costs and attorney's fees as provided by statute.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, prays for judgment against Defendant and each of them, as follows:

A. Plaintiff is entitled to Economic Damages including back pay and future loss of earnings.

B. Plaintiff is entitled to Damages for Emotional Distress for prior emotional distress and emotional distress "reasonably certain to result in the future".

C. Plaintiff is entitled to Punitive Damages to punish Defendant.

D. Plaintiff is entitled to costs to bring the action.

E. Plaintiff is entitled to attorney fees in bringing the action. (FEHA)

F. Plaintiff asks the Court for any other relief which the Court deems proper.

Dated this May 26th, 2020.

*Fletcher B Brown* (signature)

**Fletcher Bernard Brown Esq.**
Attorney for Tishia Atwood

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
FLETCHER B. BROWN, ESQ. (STATE BAR NO. 276390)
FLETCHER B. BROWN LAW FIRM
2831 TELEGRAPH AVENUE. OAKLAND, CA 94609

TELEPHONE NO.: 510-986-0441
ATTORNEY FOR *(Name):* TISHIA ATWOOD    FAX NO. *(Optional):* 510-978-4717

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Merced
STREET ADDRESS: 627 W. 21ST STREET
MAILING ADDRESS:
CITY AND ZIP CODE: MERCED, CA 95340
BRANCH NAME: CIVIL DIVISION

CASE NAME:
TISHIA ATWOOD VS. WALMART STORES INC. AND DOES 1-20, inclusive

**FOR COURT USE ONLY**

ELECTRONICALLY FILED
Merced Superior Court
5/28/2020 12:13 PM
Amanda Toste
Clerk of the Superior Court
By: Kristifer Hew, Deputy

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000) | [ ] Counter    [ ] Joinder | | 20CV-01603 |
| | | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | | JUDGE: <br> DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [x] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 5
5. This case [ ] is [x] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related cases. (You may use form CM-015.)

Date: 05/28/2020

FLETCHER B. BROWN
_____
(TYPE OR PRINT NAME)    ►_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.
Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740

*This e-copy is the official court record (GC68150)*

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**  CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach–Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
  domain, landlord/tenant, or
  foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late
    Claim
  Other Civil Petition

**CIVIL CASE COVER SHEET**

This e-copy is the official court record (GC68150)

# EXHIBIT 2

ELECTRONICALLY FILED
Merced Superior Court
7/6/2020 2:20 PM
Amanda Toste
Clerk of the Superior Court
By: Kristifer Hew, Deputy

This e-copy is the official court record (GC68150)

Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, CA  94111
Telephone:  (415) 490-9000
Facsimile:   (415) 490-9001

Attorneys for Defendant
WALMART INC.

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**FOR THE COUNTY OF MERCED**

**UNLIMITED JURISDICTION**

| | |
|---|---|
| TISHIA ATWOOD,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WALMART STORES, INCS. AND DOES 1-20, inclusive,<br><br>                    Defendants. | CASE NO: 20CV-01603<br><br>**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT** |

1

FP 38052533.1

This e-copy is the official court record (GC68150)

Defendant WALMART INC.[1] ("Defendant") hereby answers the unverified Complaint filed by Plaintiff TISHIA ATWOOD ("Plaintiff") as follows:

### GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, conjunctively and disjunctively, each and every allegation contained in the Complaint, denies that the Complaint states facts sufficient to constitute a cause of action, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

### AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE

#### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

#### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 338, 339, 340 and 343.

### THIRD AFFIRMATIVE DEFENSE

#### (Laches and/or Waiver)

The Complaint, and each and every cause of action therein, is barred, in whole or in part, by

---

[1] Wal-Mart Stores, Inc., changed its name to Walmart Inc., effective February 1, 2018.

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38052533.1

This e-copy is the official court record (GC68150)

1    the doctrines of laches and/or waiver.

2    **FOURTH AFFIRMATIVE DEFENSE**

3    **(Consent)**

4    Defendant is informed and believes, and thereon alleges, that Plaintiff expressly or implicitly

5    consented to the alleged conduct of Defendant and is therefore precluded from recovering any

6    damages.

7    **FIFTH AFFIRMATIVE DEFENSE**

8    **(Ratification)**

9    Defendant is informed and believes, and thereon alleges, that the Complaint, and each and

10    every cause of action therein, is barred because Plaintiff ratified the alleged acts or omissions of

11    Defendant, its employees or agents, by reason of Plaintiff's knowledge, conduct, and/or statements.

12    **SIXTH AFFIRMATIVE DEFENSE**

13    **(Estoppel)**

14    Plaintiff is estopped by reason of Plaintiff's own conduct, acts, and/or omissions from

15    proceeding with any of Plaintiff's causes of action against Defendant and/or from recovering any

16    damages against Defendant.

17    **SEVENTH AFFIRMATIVE DEFENSE**

18    **(Unclean Hands and/or *In Pari Delicto*)**

19    The Complaint, and each and every cause of action therein, is barred, in whole or in part, by

20    the doctrines of unclean hands and/or in pari delicto.

21    **EIGHTH AFFIRMATIVE DEFENSE**

22    **(Labor Code §2922 – Employment At-Will)**

23    Defendant alleges that Plaintiff was at all times employed at-will and Plaintiff's employment

24    could be terminated by Plaintiff or Defendant for any or no reason.

25    **NINTH AFFIRMATIVE DEFENSE**

26    **(After-Acquired Evidence)**

27    The Complaint, and each and every cause of action alleged therein, is barred, or any damages

28    reduced, by after-acquired evidence.

This e-copy is the official court record (GC68150)

## TENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Administrative Remedies)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies, including, but not limited to, Plaintiff's failure to comply with all statutory, jurisdictional, and procedural requirements under applicable law, including the Fair Employment and Housing Act ("FEHA").  (Cal. Govt. Code §§ 12965(b)).

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to Engage in the Interactive Process/ Failure to Cooperate in Reasonable Accommodation Process / Failure to Follow Procedures)

Plaintiff unreasonably failed to engage in the interactive process, failed to cooperate in the reasonable accommodation process and failed to take affirmative steps of preventive and corrective opportunities provided or to avoid harm otherwise.

## TWELFTH AFFIRMATIVE DEFENSE

### (Pre-Existing Cause)

To the extent that Plaintiff claims to have suffered any symptoms of mental or emotional distress or injury, Defendant alleges on information and belief that such symptoms or injuries were the result of one or more pre-existing psychological or medical disorders or conditions, or alternative concurrent causes, and not the proximate result of any act or omission of Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate Damages)

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Off-Set)

Defendant is entitled to an offset against any recovery by Plaintiff of the amount of monies owed to Defendant by Plaintiff, including but not limited to, any workers' compensation benefits,

4

This e-copy is the official court record (GC68150)

other benefits, interim earnings, or other mitigation.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

Plaintiff is barred from seeking any damages arising from purported physical or emotional injuries allegedly suffered as a result of Plaintiff's employment and discharge in that the sole and exclusive remedy in this respect is governed by the California Workers' Compensation Act (Labor Code §§3200-6208).

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Unreasonable Perception of Conduct)

Plaintiff's claims are barred because her perception of conduct alleged to constitute harassment was not reasonable.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Conduct Not Sufficiently Severe or Pervasive)

Plaintiff's claims are barred because alleged incidents of harassment were not sufficiently severe or pervasive so as to alter the terms and conditions of Plaintiff's employment and create an abusive work environment.

## EIGHTEENTH AFFIRMATIVE DEFENSE

### (Conduct Welcomed)

Plaintiff welcomed any conduct alleged to be harassing.

## NINETEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences)

Plaintiff's Complaint, and all claims for relief therein, are barred because Defendant exercised reasonable care to prevent, and promptly correct, any discriminatory, harassing, or retaliatory conduct (if any there was), and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant to avoid any harm. Reasonable use of Defendant's internal procedures and remedies would have prevented some, if not all, of Plaintiff's claimed damages

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38052533.1

This e-copy is the official court record (GC68150)

## TWENTIETH AFFIRMATIVE DEFENSE

### (Good Faith but Mistaken Belief)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were justified by its good faith but mistaken belief.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Authorization or Ratification)

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (No Discriminatory Intent-Legitimate Non-Discriminatory/Non-Retaliatory Reasons)

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on a legitimate, non-discriminatory and non-retaliatory reasons.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Reasonableness)

The alleged acts of which Plaintiff complains were based on reasonable factors other than disability or any other prohibited factor, including Plaintiff's alleged request for reasonable accommodation and/or exercising Plaintiff's rights.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Appropriate Remedial Action Taken by Employer)

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, harassment, and/or retaliation once Defendant was made aware of Plaintiff's complaints.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Business Necessity)

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

This e-copy is the official court record (GC68150)

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Employer Lacked Knowledge)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced because Defendant lacked knowledge that Plaintiff was allegedly retaliated against.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant's alleged actions were not a substantial motivating reason for the alleged adverse employment action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Plaintiff is Not a Qualified Individual with a Disability)

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Bona Fide Occupational Qualification)

Any alterations or modifications to Plaintiff's job duties were justified, not based on discriminatory reasons, and were justified based upon a bona fide business necessity and based upon bona fide occupational qualifications.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Undue Hardship)

The Complaint, and each and every cause of action alleged therein, is barred as Defendant was excused from a providing a reasonable accommodation as the reasonable accommodation required would create an undue hardship for Defendant.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (Same Decision Limits Remedies)

The Complaint, and each and every cause of action alleged therein, is barred as Plaintiff would have been terminated for non-discriminatory reasons based on legitimate business reasons.

///

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38052533.1

This e-copy is the official court record (GC68150)

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Good Faith Defense)

Plaintiff's claim for punitive damages, if any, are barred, in whole or in part, because of Defendant's good faith efforts to comply with applicable laws.

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Punitive Damages Against Corporate Defendant)

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such employee or employees with a conscious disregard of the rights or safety of others, as required by California Civil Code section 3294(b).

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the Constitution of the United States and Article I of the Constitution of the State of California.

## THIRTY-FIFTH AFFIRMATIVE DEFENSE

### (Failure to State a Claim for Punitive Damages)

The Complaint, and all claims for relief therein, fail to state facts sufficient to obtain punitive damages against Defendant.  (*See* Cal. Civil Code § 3294.)  This includes, but is not limited to, Plaintiff's failure to plead facts sufficient to support allegations of malice, oppression, or fraud.  In addition, and independently, to the extent Plaintiff's claims rely upon alleged acts by alleged agents of Defendant purportedly imputed to Defendant, the limitations inherent in general agency principles and/or in case law interpreting Civil Code section 3294 and/or California's Fair Employment and Housing Act prohibit such recovery.

///

///

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38052533.1

This e-copy is the official court record (GC68150)

## THIRTY-SIXTH AFFIRMATIVE DEFENSE

### (Right to Amend Answer)

Defendant presently has insufficient knowledge on which to form belief as to whether it may have additional, as yet unstated, affirmative defenses available.  Defendant reserves its right to amend its answer herein, including the addition of affirmative defenses, after pleading and discovery in preparation for trial.

### PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1.    That Plaintiff takes nothing by way of the Complaint;

2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of action;

3.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

4.    That Defendant be awarded such other and further relief as the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

DATED:  July 6, 2020                    FISHER & PHILLIPS LLP


                                        JASON A. GELLER
                                        JUAN C. ARANEDA
                                        Attorneys for Defendant
                                        WALMART INC.

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38052533.1

This e-copy is the official court record (GC68150)

## PROOF OF SERVICE

I am employed in the County of San Francisco, State of California. I am over the age of 18, and not a party to the within action. My business address is Fisher & Phillips LLP, One Embarcadero Center, Suite 2050, San Francisco, CA 94111. On the date below, I served the foregoing document(s) described as:

**DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT**

By sending a true copy thereof to the address listed below:

### SEE ATTACHED SERVICE LIST

☐    **By Messenger Service.** I served the documents by providing them to a professional messenger service for personal service.

☐    **By Overnight Delivery.** I deposited a sealed envelope containing a true and correct copy of the documents listed above for overnight delivery and with the postage fully prepaid.

☐    **By E-Mail or Electronic Transmission.** I caused the documents to be sent to the persons at the email address listed above in a PDF file, and the transmission appeared to be successful.

☒    **By United States Mail.** I deposited a sealed envelope containing a true and correct copy of the documents listed above with the United States Postal Service with the postage fully prepaid. I am a resident or employed in the county where the mailing occurred. The envelope or package was placed in the mail at Walnut Creek, California.

☐    **By Fax Transmission.** I faxed the documents to the persons at the fax number listed above, and the transmission appeared to be successful.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on July 6, 2020 at Walnut Creek, California.

_____
Lisa Hamann

DEFENDANT WALMART INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

FP 38052533.1

This e-copy is the official court record (GC68150)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## <u>SERVICE LIST</u>

Fletcher B. Brown

_____

Fletcher B. Brown Law Firm
2831 Telegraph Avenue
Oakland, CA, 94609
(510) 299-1333

_____

Attorneys for Plaintiff

11

FP 38052533.1

# EXHIBIT 3

1
Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
2
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
3
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
4
San Francisco, CA  94111
Telephone:  415/490-9000
5
Facsimile:  415/490-9001

6
Attorneys for Defendant
WALMART INC.

7

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                         **FOR THE COUNTY OF MERCED**

11                            **UNLIMITED JURISDICTION**

12

13 | TISHIA ATWOOD,                          | CASE NO: 20CV-01603
14 |                          Plaintiff,     | **NOTICE OF FILING OF NOTICE OF**
   |                                         | **REMOVAL**
15 |          vs.                            |
16 |                                         |
17 | WALMART STORES, INCS. AND DOES 1-       |
   | 20, inclusive,                          |
18 |                          Defendants.    | Complaint Filed: May 28, 2020
   |                                         | Trial Date:      None
19 |                                         |

20

21 **TO PLAINTIFF TISHIA ATWOOD, HER ATTORNEYS OF RECORD AND THE**

22 **CLERK OF THE COURT OF MERCED COUNTY:**

23          **PLEASE TAKE NOTICE** that Defendants Walmart Inc.,[1] ("Defendant") by and through

24 undersigned counsel, has filed a Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446

25 in the above-captioned action, removing the above-captioned action to the United States District

26 Court for the Eastern District of California.  Attached hereto as Exhibit A is a copy of the Notice of

27 _____

28 [1] Wal-Mart Stores, Inc., changed its name to Walmart Inc., effective February 1, 2018.

Removal (including all exhibits) that was filed in the United States District Court for the Eastern District of California.

      **PLEASE TAKE FURTHER NOTICE** that, pursuant to 28 U.S.C. section 1446, the filing of the Notice of Removal in the United States District Court effectuates the removal of this action.  Accordingly, no further proceedings should take place in this Court unless and until the case has been remanded.


DATED:  July __, 2020                                    FISHER & PHILLIPS LLP


_____
Jason A. Geller
Juan C. Araneda
Attorneys for Defendant
WALMART INC.